[Civil No. 868.   Filed March 30, 1905.]

[80 Pac. 344.]

KEYSTONE COPPER AND GOLD MINING COMPANY, a Corporation, Plaintiff; C. F. AINSWORTH, and J. H. BEAL, Interveners on Behalf of Plaintiff, Appellants, v. JOHN M. EVANS and JENNIE E. EVANS, Defendants and Appellees.

1. CORPORATIONS — PLEADING — INTERVENTION — COMPLAINT — INSUFFI-CIENCY.—Suit having been brought by a corporation against one of its officers to compel him to transfer to it certain property which he had purchased with the company's funds and taken the title in his own name, and defendant later having obtained control of the corporation and taken steps to have said suit dismissed, minority stockholders seeking to intervene and prosecute the action to judgment are bound to allege such facts as would support an independent suit brought by them in that behalf and facts showing that the action of the officers would result in loss or detriment to the company, or that the company's interest would suffer if the action was dismissed, or that some fraud upon their rights was being perpe-

trated, and it is not sufficient to allege that the defendant had obtained control of the company, and that the present officers are acting in "collusion" with him for the purpose of "defrauding" the company, and were attempting to dismiss the suit, to the irreparable injury and damage of the interveners and others similarly situated.

2. PRACTICE — INTERVENTION — DISMISSAL OF AT TERM SUBSEQUENT TO FILING—DISCRETIONARY.—Where there is no statute limiting the time within which a motion to dismiss a complaint in intervention may be made, and the order granting the interveners leave to intervene was made *ex parte,* it was clearly within the sound discretion of the court to entertain a motion to dismiss such complaint, though made several months after leave had been granted and at a subsequent term.

APPEAL from a judgment of the District Court of the Fourth Judicial District in and for the County of Yavapai. Richard E. Sloan, Judge. Affirmed.

The facts are stated in the opinion.

C. F. Ainsworth, *in persona* and as Attorney for Intervener J. H. Beal, for Appellants.

The interveners being stockholders and interested in the original suit against the defendants for the purpose of quieting the title in plaintiff to certain property wrongfully held in the defendant's name, certainly have the right to intervene for the purpose of protecting the corporate property from the machinations of its officers and directors acting in collusion with others. Morawetz on Corporations, sec. 389; Beach on Corporations, sec. 886; *Allen* v. *Curtis,* 26 Conn. 456; *Peabody* v. *Flint,* 6 Allen, 52; *Marsh* v. *E. R.,* 40 N. H. 548, 77 Am. Dec. 732; *Hazard* v. *Durant,* 11 R. I. 195; *Hawes* v. *Oakland,* 104 U. S. 450, 26 L. Ed. 827; *Mussina* v. *Goldthwaite,* 34 Tex. 125, 7 Am. Rep. 281; *Shiveley* v. *Eureka T. G. M. Co.,* 129 Cal. 293, 61 Pac. 939; *Whitehead* v. *Sweet,* 126 Cal. 73, 58 Pac. 376; *Bronson* v. *Railroad Co.,* 2 Wall. 283-302, 17 L. Ed. 725; *General Electric Co.* v. *West Ashfield Imp. Co.,* 73 Fed. 386, 387.

An intervener has the same right as the plaintiff or other original party, and has the right to claim the benefit of the original suit and to prosecute it to judgment, and such right

cannot be defeated by a dismissal of the suit by the plaintiff after filing of the petition and notice thereof to such plaintiffs. *Elliott* v. *Ivers,* 6 Nev. 287; *Field* v. *Gantier,* 8 Tex. 74.

In fact the court below in its opinion recognized the rights of stockholders to intervene in actions arising under like circumstances which would permit an independent suit to be brought by a minority stockholder against a third person to redress a wrong done to the corporation, and the court in its opinion, speaking of the right of stockholders to intervene, says: ''In the latter case it must appear that the interests of the corporation are being jeopardized through the fraud or bad faith upon the part of the managing officers of the corporation in failing to assert the rights of the corporation in the suit or in suffering the judgment to be taken against it.''

This is a very clear exposition of the law as to intervention by stockholders in suit brought by or against corporations. But wherein does the complaint in intervention fail to meet these requirements? A more flagrant abuse of power, a more open showing of bad faith and collusion on the part of officers of the corporation and the directors, headed by the defendants themselves can hardly be shown, than appears in this case. After admitting in his answer that the property claimed by the corporation was bought for and on behalf of the plaintiff corporation, and that he was about to execute a deed to it, conveying to it all the property claimed, the defendant John M. Evans, as is alleged in the complaint in intervention, and admitted by the motion to strike, secures control of the plaintiff corporation, secures a board of directors who elect him the president of the plaintiff corporation, and then this same board of directors, with the defendants as directors and officers of the plaintiff, resolve to dismiss the plaintiff's attorney and substitute in his place the attorneys for the defendants, and to dismiss the action of the plaintiff against the defendants, which resolution is signed by the defendant John M. Evans himself and seconded by one of his attorneys; and following this up, the attorneys for the defendants, claiming also to act as the attorneys for the plaintiff, did move the court for a dismissal of the action. Under such circumstances the right to intervene is clear and complete and it can hardly be required that permission to intervene to protect the rights of the plaintiff corporation should be asked of the directors

and officers of the plaintiff corporation. *Miller* v. *Murray,* 17 Colo. 408, 30 Pac. 46; *Bjorngaard* v. *Goodhue County,* 49 Minn. 483, 52 N. W. 49; *Hannerty* v. *Standard Theatre Co.,* 109 Mo. 297, 19 S. W. 82; *Gerry* v. *Bismarck Bank,* 19 Mont. 191, 47 Pac. 810.

Joseph H. Kibbey, A. C. Baker, and Walter Bennett, for Appellees.

KENT, C. J.—The Keystone Copper and Gold Mining Company, a corporation, hereinafter referred to as the "company," filed its complaint against the defendants, John M. Evans and Jennie E. Evans, his wife, the appellees here, alleging in substance that the company was the owner of, and entitled to the possession of, certain mining claims, and that the defendant Evans, as vice-president and general manager of the company, purchased with funds of the company the property for and on behalf of the company, and caused the property to be conveyed to him instead of to the company, and that Evans refuses to comply with the demand of the company to convey the property to it. After the defendants had filed their answers, and the case was at issue, C. F. Ainsworth and J. H. Beal, by leave of court, filed a complaint in intervention, which set forth, in substance, that the interveners were stockholders in the company; that the original complaint, which the interveners made a part of their complaint in intervention, had been filed by the company; that the company was the owner of the property in question; that Evans had bought the same for the company out of the company's moneys, and had taken the title thereto in his name, but had refused and still refuses to transfer the property to the company; that the defendants have no right, title, or interest in the property; that the defendants, by controlling a majority of the capital stock, have, since the institution of this action by the company, obtained control of the company, and have elected a board of directors, which board elected the defendant John M. Evans president, and, acting collusively with the defendants, passed a resolution to employ the defendant's attorneys, on behalf of the company, to appear in the action for the plaintiff company for the purpose of having the action dismissed; that such appearance and such

motion have been made; that such action of the directors and of the present officers was taken in collusion with the defendants for the purpose of depriving and defrauding the company and its stockholders of their right, title, and interest in and to the property, and for the purpose of retaining the title to the property in the defendant Evans; that the directors and officers are still attempting to have the action dismissed, and refuse to allow the same to be prosecuted to final judgment, all of which, if allowed, would irreparably injure, damage, and defraud the interveners, and others similarly situated, of their rights in said property. The complaint in intervention concludes with a prayer that defendants be adjudged to have no adverse claims to the property, and be barred from asserting any such claims, and that they be required to execute a deed conveying the property to the company. Upon an authorization to that effect from the present directors of the company, a motion was made to dismiss the original complaint of the company, which does not appear to have been passed upon by the court. A motion of the defendants to dismiss the complaint in intervention was granted, and the ruling in that respect is brought to this court for review.

The trial court recognized the rule that where it appears that the interests of the corporation are being jeopardized through fraud or bad faith on the part of the managing officers of the corporation, in failing to assert the rights of the corporation in the suit, or in suffering judgment to be taken against it, a complaint in intervention in such suit by stockholders having an interest in the subject-matter of the suit which may be affected by the judgment is properly to be allowed; but the court held that, though such interest was here shown, the complaint in intervention failed to state facts entitling the stockholders to intervene. The question before us is as to the sufficiency in this respect of the complaint in intervention. We think the trial court was right in holding that the complaint in intervention was insufficient. No allegation is made that the defendant Evans originally took the title to the property unlawfully or wrongfully or against the wishes or interest of the company. As both the original complaint and the complaint in intervention are silent in respect to any allegation that the original taking of the title in the

name of the defendant Evans was improper or unauthorized, it must be assumed that he so took it with the sanction of the company, and in its interests. There is no allegation that the relation so created between Evans and the company, proper in its inception, has become altered, or that the arrangement or agreement or trust, or whatever was the relation so existing, has terminated; nor is there anything to show that Evans denies the trust, or that it has now become the duty of Evans to transfer the title to the property to the company, further than the fact that the original officers saw fit to institute their action. It is not alleged that Evans or the defendants are in possession of the property, or are making any claim to the property adverse to the company, or are withholding the same from the company, or are interfering with the management of the property by the company, or are doing any acts to the detriment of the property. No facts are alleged to show the *status* of the property at the time of the filing of the complaint in intervention, or the then existing rights of the company; nor are any facts alleged which show that any damage is resulting or will result to the company by Evans retaining the title in his name. As the case stands on the original complaint and the complaint in intervention, the former officers of the company brought this action to compel Evans to make a transfer of the title. The original officers having been succeeded by a new set, the latter have seen fit to attempt to discontinue the action. They may have done this for reasons perfectly proper, and in the interest of the company, under the original or under some other subsequent agreement with Evans. Whatever their reasons may be, what they have done or are attempting to do is done on behalf of the company, and through the action of stockholders representing a majority of the capital stock. To authorize the court to interfere on behalf of minority stockholders in such suit, and to take the management and administration of the affairs of the company from the officers of the company, and, on behalf of such minority, to direct how the property of the company shall be held or controlled, facts must be alleged by such minority as would support an independent suit brought by them in that behalf, and such facts as will show that the action of the officers will result in loss or detriment to the

company, or that the company's interests will suffer if the action be dismissed, or that some fraud upon their rights is being perpetrated. It is not sufficient to allege, as here, that the defendant has obtained control of the company, and that the present officers are acting in collusion with him for the purpose of defrauding the company. Some facts must be alleged to show why such collusion is improper, or that some loss or damage will be sustained by the minority or the company if the contemplated action of the officers is carried out, or to show fraud or bad faith on the part of the officers. To characterize an act as fraudulent does not, in legal effect, charge it as fraudulent; and such facts are not shown by allegations that there is collusion, and that the defendant refuses to transfer the title to the property, and that he is to be allowed to retain it for the purpose of defrauding the company. It does not necessarily follow that there is fraud, or that there will be loss or damage to the company, merely because the defendant retains in his name the legal title to property of the company which he has taken in his name with the assent of the company; and such fraud and loss and damage cannot be inferred from the fact that the present officers of the company, though elected at the instance of the defendant, have seen fit, on behalf of the company, to attempt to abandon the purpose of the former officers to obtain such transfer. We think the complaint in intervention fails to set forth facts which show that the interveners are entitled to intervene and prosecute the original action on behalf of the company, and that it was properly dismissed.

It is also assigned that the trial court erred in granting the motion to dismiss the complaint in intervention at a term subsequent to the one during which the complaint in intervention was permitted to be filed. Our statutes do not limit the time within which such motion may be made, and the court has full control over proceedings before it until final judgment, whether made at one term or another. The order granting the interveners leave to intervene was made *ex parte,* and it was clearly within the sound discretion of the court to entertain the motion to dismiss such complaint, though made several months after the leave to file the complaint had been granted, and at a subsequent term.

The judgment of the district court is affirmed.

DOAN, J., and DAVIS, J., concur.